

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 10, 1991

Mr. Ron Jackson
Executive Director
Texas Youth Commission
P. O. Box 4260
Austin, Texas 78765

Opinion No. DM-38

Re: Whether persons between the ages of 18 and 21, and under the supervision of the Texas Youth Commission, may be detained in local juvenile detention facilities (RQ-2147)

Dear Mr. Jackson:

You have requested our opinion as to whether an individual between the ages of 18 and 21, and under the supervision of the Texas Youth Commission (hereafter TYC), may be detained in local juvenile detention facilities.

In 1985, the legislature amended the statutes governing the TYC to increase the upper age limit for TYC jurisdiction from 18 to 21. Acts 1985, 69th Leg., ch. 45, § 1, at 435. This extension of jurisdiction was accomplished by amending two portions of what is now the Human Resources Code. Section 61.001 now provides, in part:

> In this chapter:
>
> . . . .
>
> (6) 'Child' means a person 10 years old or older and under 21 years old who is committed to the commission under Title 3, Family Code.

Section 61.084(c) now provides:

> (c) The commission shall discharge from its custody a person not already discharged or transferred on his or her 21st birthday.

As part of the same bill, section 54.05(b) of the Family Code was amended to read:

> (b) *Except for a commitment to the Texas Youth Commission*, all dispositions automatically terminate when the child reaches his 18th birthday.

Acts 1985, 69th Leg., ch. 45, § 3, at 435 (emphasis added).

Chapter 51 of title 3 of the Family Code was not, and has not been, amended, however, to conform to these 1985 amendments. Section 51.02 still defines "child" in a manner which is inconsistent with chapter 61 of the Human Resources Code.

> In this title:
>
> (1) 'Child' means a person who is:
>
> (A) ten years of age or older and under 17 years of age; or
>
> (B) seventeen years of age or older and under 18 years of age who is alleged or found to have engaged in delinquent conduct or conduct indicating a need for supervision as a result of acts committed before becoming 17 years of age.

Section 51.12(a) of the Family Code, also unamended in 1985, provides:

> Except after transfer to criminal court for prosecution under Section 54.02 of this code, a child shall not be detained in or committed to a compartment of a jail or lockup in which adults arrested for, charged with, or convicted of crime are detained or committed, nor be permitted contact with such persons.

TYC is granted broad authority to contract with public or private agencies, including juvenile detention facilities operated by county juvenile boards, for the care and treatment of its wards. *See* Hum. Res. Code § 61.037. Pursuant to section 61.084(c) of the Human Resources Code, the TYC has jurisdiction over juveniles between the ages of 18 and 21. The Family Code, however, does not categorize persons between the ages of 18 and 21 as juveniles, and explicitly prohibits the detention of juveniles under the age of 18 in the same compartment or lockup as adults. Thus, the problem arises whether the TYC can require juvenile detention facilities to care for its wards between the ages of 18 and 21.

There seems to be a dispute between the TYC and the Texas Juvenile Probation Commission as to what circumstances, if any, would cause or permit TYC to detain a person between the ages of 18 and 21 other than his arrest for a criminal offense. We need not resolve those questions here. Both because of the limited definition of "child" in the Family Code and the specific prohibition of section 51.12 thereof, persons under the age of 18 may not be housed in the same compartment of a facility as, nor be permitted regular contact with, any individual between the ages of 18 and 21, whether or not they are TYC wards, if such individuals have been arrested for, charged with, or convicted of a crime. This does not mean that such individuals may not be housed in the same *facility* as juveniles. It means merely that they may not be confined in the same cell or compartment of a facility, or be confined in such proximity as to permit regular contact with juveniles. Thus, TYC wards between the ages of 18 and 21 may not be, under any circumstances, housed in a compartment of a facility, or permitted regular contact, with any "child" as defined by section 51.02 of the Family Code. If, on the other hand, such TYC wards have not been arrested for, charged with, or convicted of any crime, they may be housed in a juvenile detention facility in compartments with juveniles and may have contact with juveniles.

## S U M M A R Y

A ward of the Texas Youth Commission between the ages of 18 and 21 who has been arrested for, charged with, or convicted of any crime may under no circumstances be housed in the same compartment of a facility as, or permitted regular contact with, any "child" as defined in section 51.02 of the Family Code.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General